Roane J.
There is no doubt but that this bond is faulty in the following instances at least % 1st That it is made payable, not to the creditor, but to the Sheriff. 2dly. The amount of the execution is not recited in it; and 3dly. The condition is to deliver the property, not at the time and place of sale, as it should have been, but when demanded. But it is objected, that the Court had no power over the bond, so as to quash it, though ever so faulty. The cases which were cited by the counsel for the defendant in error, and another also decided in this Court of Hubbard v. Taylor, {ante, vol. L p. 259,) furnish a completé answer to this objection.
The order of the District Court, though right upon the main points, is rather too general, in not specifying the bond more particularly by its date, amount,
&c.;. however, as it is spread upon the record, we must suppose, that it was that bond to which the motion and order related.
As to the second execution, there is no doubt but that the Court ought to have quashed it, if a motion for that purpose had been made. But it does not appear that the Court were informed of its existence, and therefore we cannot say that they erred.
Carrington J. — Concurred in the same opinion.
Lyons J. — —It seems to have been admitted by the *246 counsel for the plaintiff, that this bond was faulty, but the power of the Court to quash it is denied. It would certainly be highly inconvenient, if ministerial acts like the present were without the control of that Court to which the officer belongs; and if the only remedy for the party aggrieved by his mistakes, were an action against the officer. I hold the law to be otherwise, and that the Court may properly correct the ministerial acts of its own officers.
The proceedings in this case have certainly been very irregular; the Court ought to have quashed the second execution, if an application for that purpose had been made, because the forth-coming bond, whilst in force, was a satisfaction of the first judgment. The general course is to quash the execution, as well as the bond; but as no motion for this purpose was made, we cannot condemn the order which was made.
Order affirmed.([1])

(1) Glassock v. Dawson, 1 Munf. 606. Bronaugh’s ex. v. Freeman, 2 Munf. 266. Lusk v. Ramsay, 3 Munf. 439.